```
JOHN M. COLVIN
CLAIRE H. TAYLOR
COLVIN & HALLETT, P.S.
719 Second Avenue, Suite 1450
Seattle, Washington 98104
(206) 223-0800
(206) 467-8170(fax)
```

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| PETER WAGNER and TONYE-MARIE CASTANEDA,<br><br>  Plaintiffs,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>  Defendant. | CASE NO.<br><br>COMPLAINT FOR REFUND OF INTERNAL REVENUE TAXES<br><br>DEMAND FOR JURY TRIAL |

COMES NOW PETER WAGNER and TONYE-MARIE CASTAÑEDA ("Plaintiffs"), by and through their undersigned attorneys and hereby allege as follows:

**GENERAL ALLEGATIONS**

1. This is an action for the recovery of federal income tax, erroneously, illegally, or improperly assessed and collected from the Plaintiffs for the taxable year 2012. Subject matter jurisdiction is proper pursuant to the provisions of Title 28, United States Code § 1346(a)(1) and Title 26, United States Code § 7422.

COMPLAINT - 1

2. Plaintiff Peter Wagner is a citizen of the United States, residing in Stevens County, Washington, within the Eastern District of Washington. His Taxpayer Identification Number is XXX-XX-6345.

3. Plaintiff Tonye-Marie Castañeda is a citizen of the United States, residing in Stevens County, Washington, within the Eastern District of Washington. Her Taxpayer Identification Number is XXX-XX-1878.

4. The defendant is THE UNITED STATES OF AMERICA ("Defendant").

5. Venue is founded upon Title 28, United States Code ("U.S.C.") § 1402(a)(1).

## FACTUAL ALLEGATIONS

6. Recovery is sought of federal income tax for the taxable year ending December 31, 2012 in an amount totaling $859,557 plus interest that has accrued and continues to accrue according to law.

7. On or around October 15, 2013, Plaintiffs timely filed their federal income tax return for the year 2012, electing the filing status of married filing jointly.

8. On Plaintiffs' Form 1040 for the 2012 tax year, Plaintiffs timely claimed entitlement to a refund of $1,364,363 because they overpaid in such amount. Plaintiffs' overpayment derived in part from Form W-2 withholding credits with

COMPLAINT - 2

respect to Plaintiff Wagner's employment with his solely owned S corporation, PW Enterprises, and in part from withholding credits reported on Forms W-2G and issued to Plaintiff Wagner's solely owned S corporation, PW Enterprises ("PWE"). Because PWE is an S corporation, the Form W-2G withholding credits are properly reportable on Plaintiffs' Form 1040.

9. A refund of the overpayment was requested by the taxpayer by letter on December 5, 2014.

10. On May 23, 2016, the IRS issued a Notice of Partial Claim Disallowance, stating it was disallowing $500,000 of Plaintiffs' claimed refund, but allowing a portion of the Taxpayers' claim. It is unknown what the disallowed portion of Plaintiffs' claim relates to according to the May, 2016 Notice of Partial Claim Disallowance.

11. Although the IRS' May, 2016 Notice indicates that the IRS intended to disallow $500,000, the actual amount of claim disallowance was greater as shown by the Plaintiffs' IRS transcripts of account for the 2012 tax year, attached hereto as Exhibit 1. Plaintiffs' transcript of account confirms that the amount of the overpayment which the IRS disallowed was actually $859,557, and they are due a refund in such amount plus interest that has accrued and will continue to accrue according to law.

COMPLAINT - 3

12. As grounds for recovery, Plaintiffs allege as follows:

13. Plaintiff Peter Wagner is the sole shareholder of an S corporation called PW Enterprises ("PWE").

14. PWE's business involves high volume wagering with a licensed service provider.

15. PWE regularly receives Forms W-2G relating to wagers it has made and won. PWE received approximately 14,000 W-2Gs in 2012 alone with gross winnings of over $34 million.

16. Pursuant to federal withholding rules on gambling winnings, the licensed service provider (the payor) of PWE's successful wagers withholds certain portions of PWE's gambling winnings reported on Forms W-2G and pays over such amounts to the United States.

17. PWE maintains detailed records for each wager made throughout the course of a year, including the following: the date of the wager, the type of wager, the track/race for each wager, the gross winnings for each wager, and the tax withheld for each wager. PWE also maintains copies of all of the Forms W-2G themselves that have been issued to PWE, which show gross winnings and federal withholdings.

COMPLAINT - 4

COLVIN + HALLETT, P.S.
MILLENNIUM TOWER, SUITE 1450
719 SECOND AVENUE
SEATTLE, WA 98104
(206) 223-0800   FAX (206) 467-8170

18. A summary report of the records referenced in the first sentence of paragraph 15 for the 2012 tax year was included along with Plaintiffs' 2012 Form 1040, and provided again to the IRS by letter dated December 5, 2014, along with more detail regarding the PWE W-2G withholdings.

19. In 2012, PWE's withholdings from Forms W-2G issued to PWE totaled $5,399,154.

20. As an S-corporation, which is a flow-through entity, PWE does not pay federal income tax; rather, all items of income, loss, deduction, or credit with respect to PWE are passed through to the S-corporation's shareholders, which in this case is Plaintiff Wagner.

21. Withholding credits for W-2G withholdings are one of the credits to be passed through to an S-corporation's shareholder(s) and reported on the individual shareholder's income tax return. This is done by issuing a Form K-1 to any shareholder(s) of the S-corporation.

22. For each taxable year, including the 2012 tax year, PWE reports the withholdings to Plaintiff Peter Wagner via a Form 1120-S Schedule K-1, and Plaintiff Wagner reports the withholdings on his Form 1040, including in the 2012 tax year.

23. In 2012, Plaintiffs claimed the above-referenced W-2G withholdings on their 2012 Form 1040.

COMPLAINT - 5

COLVIN + HALLETT, P.S.
MILLENNIUM TOWER, SUITE 1450
719 SECOND AVENUE
SEATTLE, WA 98104
(206) 223-0800   FAX (206) 467-8170

24. Plaintiff Wagner also had withholdings from his own W-2 wages. In 2012, his personal W-2 withholdings totaled $839,999.94.

25. Together, these withholdings totaled $6,239,154.

26. Plaintiffs also made an estimated tax payment of $160,807 toward the 2012 tax year.

27. The tax shown as due on the Plaintiffs' 2012 return was $5,035,598.

28. Accordingly, Plaintiffs overpaid by $1,364,363 based upon the following payments and credits: W-2G withholdings for PWE that were creditable to Plaintiff Wagner; Mr. Wagner's other withholdings reported on his 2012 Form W-2; and the Plaintiffs' estimated tax payments.

29. In the Notice of Partial Disallowance dated May 23, 2016, the IRS informed Plaintiffs that $500,000 of their Claim was disallowed but gave no reason or rationale. It is unclear from the Notice what portion of the Plaintiffs' W-2 withholdings the IRS disagreed with (e.g. the W-2G portion, if any, versus Mr. Wagner's Wage withholding portion, if any).

30. Based upon Plaintiffs' transcripts of account for the 2012 tax year, provided at Exhibit 1, it appears that the IRS disallowed Mr. Wagner's W-2 wage withholding amount totaling $839,999. The IRS also charged interest to Mr. Wagner totaling $19,558 with respect to the 2012 tax year, which amount was paid by Mr.

COLVIN + HALLETT, P.S.
MILLENNIUM TOWER, SUITE 1450
719 SECOND AVENUE
SEATTLE, WA 98104
(206) 223-0800  FAX (206) 467-8170

Wagner as confirmed by the transcript. In sum, Mr. Wagner has now overpaid by $859,557 for the 2012 tax year based upon the IRS's disallowance of his claimed refund.

31. For the reasons described in the preceding paragraphs, Plaintiffs are entitled to the Form W-2G withholding credits as well as Mr. Wagner's W-2 wage withholding credits.

32. Because Plaintiffs are entitled to withholding credits for the 2012 tax year, they overpaid their federal income taxes for the 2012 tax year. As a result, Plaintiffs are entitled to a refund of $859,557, which is the amount of Plaintiffs' claim that has not been paid to Plaintiffs and by which Plaintiffs have overpaid.

## CLAIM I

33. Plaintiffs reallege and reincorporate all facts in the preceding paragraphs 1-31.

34. Based on the facts set forth above, Plaintiffs' refund claim was timely and they are entitled to a refund of $859,557 for the 2012 tax year pursuant to 26 U.S.C. § 7422, plus interest that has accrued thereon and will continue to accrue by law.

35. The action of the Defendant, through its agents, in refusing to pay the refund referred to above, was improper, illegal and erroneous.

COMPLAINT - 7

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that judgment be entered in their favor as follows:

1. For a refund of income tax in the amount of $859,557 for the tax year 2012, together with interest as provided by law;

2. For reasonable attorneys' fees;

3. For costs of suit herein; and

4. For such other and further relief as the Court may deem just and proper.

DATED this 1st day of March, 2018.

COLVIN & HALLETT, P.S.

/S/ _____
John M. Colvin, WSBA #20930
Claire H. Taylor, WSBA, #47067
Millennium Tower, Suite 1450
719 Second Avenue
Seattle, WA 98104
(206) 223-0800
(206) 467-8170 (fax)
Email: jcolvin@colvinhallettlaw.com

Attorneys for Plaintiffs

COMPLAINT - 8